[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR EVIDENTIARY HEARING
Plaintiff has moved for an evidentiary hearing in this administrative appeal on the ground that ex parte communications had taken place while its application for a certificate of need to establish a coronary angioplasty program was pending before the defendant (Commission). The issue raised by plaintiff's motion is whether plaintiff has shown an ex parte communication in violation of Conn. Gen. Stat. 4-181.
Plaintiff has shown that defendant hired Dr. Jan Blustein as a consultant in April, 1986 and that she worked for the defendant in that capacity while plaintiff's application was pending. Her contract reveals that she was hired, inter alia, to perform research on medical technologies. In that capacity, she did do research on angioplasty, the subject of plaintiff's application, including discussions with physicians who performed angioplasty. Her work for the Commission did not include participation in the hearings on plaintiff's application. While Dr. Blustein may by considered a member of defendant's staff for the purposes 4-181, cf. Connecticut Natural Gas Corp. v. PUCA, 183 Conn. 128, 137-138
(1981), that does not end the inquiry. From the testimony elicited at the hearing on plaintiff's motion, it is clear that Dr. Blustein's participation with regard to plaintiff's application ended prior to the hearings on it. She was involved in drafting some of the issues in the issues paper which plaintiff received prior to the hearings. None of that is forbidden either by 4-181
nor by the defendant's own regulations.
Plaintiff's motion is therefore denied.
SUSCO, J.